UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

_____
                                                )
**FRANKLIN ABERNATHY,**                         )
                                                )
      **Plaintiff,**             )
                                                )     Civil Action No.
      v.                        )     15-10431-FDS
                                                )
**SHAUN DEWEY, et al.,**                        )
                                                )
      **Defendants.**            )
_____)

**MEMORANDUM AND ORDER ON PLAINTIFF'S MOTION FOR
LAW LIBRARY ACCESS AND LEGAL SUPPLIES**

**SAYLOR, J.**

    This action arises out of an alleged attack on a prisoner by correctional officers at Souza Baranowksi Correctional Center.  Plaintiff Franklin Abernathy has brought claims for relief under 42 U.S.C. § 1983, Mass. Gen. Laws ch. 12, § 11I, and state tort law.  In brief, the complaint alleges that plaintiff was assaulted by several correctional officers and suffered "severe 'black and blue' bruising on both arms and wrists [scratches], numbness in both arms and wrist, nerve damage, loss [of] feeling, loss of sleep, fear, [and] physical and mental anguish."  (Sec. Am. Compl. ¶ 74).

    Plaintiff has filed a motion "for court order for law library access and legal supplies."  In the motion, plaintiff asks the Court to order the Superintendent of MCI-Shirley, where he is currently held, to allow him to access the prison law library and to provide him with paper and envelopes with which to draft and mail pleadings.  The Court construes plaintiff's motion as a request for a preliminary injunction pursuant to Fed. R. Civ. P. 65.

To issue a preliminary injunction under Federal Rule of Civil Procedure 65, a district court must find that the moving party has established (1) a likelihood of success on the merits, (2) a likelihood of irreparable harm absent interim relief, (3) that the balance of equities weighs in his favor, and (4) that a preliminary injunction is in the public interest. *Voice of the Arab World, Inc. v. MDTV Med. News Now, Inc.*, 645 F.3d 26, 32 (1st Cir. 2011) (citing *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008)).

Here, plaintiff contends that correctional officers have confiscated his "institutional ID" card, apparently because he is unable to attach his ID card to his clothing using his injured hands. In support of that claim, he has attached to the motion a copy of a disciplinary report filed against him for refusing to clip his identification card onto his shirt. He also alleges that he is indigent and unable to pay for miscellaneous legal supplies necessary to prosecute this case and two other cases now pending in state court.

It is well-established that a prisoner's right of meaningful access to the courts requires either access to a law library or a prison legal assistance program. *See Bounds v. Smith*, 430 U.S. 817, 830-831 (1977). It is also "indisputable that indigent inmates must be provided at state expense with paper and pen to draft legal documents with notarial services to authenticate them, and with stamps to mail them." *Id.* at 824-25.

However, as an initial matter, plaintiff seeks an order against the Superintendent of MCI-Shirley, who is not a party to this action. A preliminary injunction is not appropriate as to persons who are not (1) parties, (2) officers, agents, or employees of the parties, or (3) "other persons who are in active concert or participation with" the parties or their officers, agents, or employees. Fed. R. Civ. P. 65(d)(2).

In addition, it appears from plaintiff's motion that it is his difficulty with his

identification card that prevents him from travelling through the prison spaces to the library, and that he is not being denied access to the law library *per se*.  Furthermore, he does not allege that he has been refused legal materials, only that he had requested them on an unspecified date and is "still waiting" for a reply.  Finally, taking into account those contentions and the relative absence of supporting evidence in the record, plaintiff has not shown that he is likely to be successful on the merits of a claim under *Bounds*.  Accordingly, plaintiff's motion is DENIED.  **So Ordered.**

/s/ F. Dennis Saylor
F. Dennis Saylor IV
United States District Judge

Dated:  July 22, 2016